```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

THE HANOVER INSURANCE COMPANY,     *

       Plaintiff                   *

vs.                                    *

                                              CASE NO. 4:11-CV-41 (CDL)

HOLLEY CONSTRUCTION COMPANY &    *
ASSOCIATES, INC., DH & SS
INVESTMENTS, LLC, DANIEL F.     *
HOLLEY, JR., and ANGELIA J.
HOLLEY,                            *

       Defendants                *

<u>O R D E R</u>

Defendants have filed a Motion to Dismiss Plaintiff's Complaint on three separate grounds (ECF No. 19).  Defendant argues that Plaintiff's Complaint fails to state a claim upon which relief may be granted because Plaintiff allegedly released a joint obligor; that diversity jurisdiction does not exist in this action; and that Plaintiff has failed to join indispensable and necessary parties.  For the following reasons, the Court denies Defendants' motion.

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

The Court finds that Plaintiff's Complaint pleads facts that sufficiently state a claim upon which relief may be granted. Accordingly, Defendants' motion to dismiss must be denied. Defendants' arguments are more suitable for resolution through a motion for summary judgment which Defendants may make at the appropriate time.

The Court also finds that Plaintiff has pled sufficient facts in its Complaint to establish diversity jurisdiction. Therefore, to the extent that Defendants attempt to assert a

facial challenge to jurisdiction, Defendants' motion to dismiss is denied. To the extent that Defendants assert a factual challenge, the Court finds that based upon the present record, Plaintiff has sufficiently established that complete diversity of citizenship exists. Therefore, Defendants motion to dismiss based upon lack of jurisdiction is denied.

Finally, the Court finds that Plaintiff's Complaint should not be dismissed at this stage for failure to join an indispensible party. Based on the present record, the Court cannot find that the joinder of the additional parties is infeasible; nor can the Court conclude, after considering the factors set out in Rule 19(b) of the Federal Rules of Civil Procedure, that "in equity and good conscience" the action should be dismissed. Fed. R. Civ. P. 19(b). Accordingly, Defendants' motion to dismiss pursuant to Rule 19 of the Federal Rules of Civil Procedure is denied.

Based on the foregoing, Defendants' Motion to Dismiss (ECF No. 19) is denied.

IT IS SO ORDERED, this 22nd day of September, 2011.

s/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE